UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                               Civil Action No. 2:14-30063

MICHAEL SPARKS and
CARL CONLEY,
an individual,

       Defendants.


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                               Civil Action No. 2:14-30095

MICHAEL THORNSBURY and
CANDICE HARPER,

       Defendants.


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                               Civil Action No. 2:14-30098

MICHAEL THORNSBURY
DONALD RAY STEVENS and
RUBY STEVENS,

       Defendants.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                            Civil Action No. 2:14-30105

MICHAEL SPARKS
DONALD RAY STEVENS and
RUBY STEVENS,

       Defendants.


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                            Civil Action No. 2:14-30127

MICHAEL THORNSBURY and
DELORIS "DEE" SIDEBOTTOM

       Defendants.


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                            Civil Action No. 2:14-30221

MICHAEL SPARKS
DELORIS "DEE" SIDEBOTTOM,

       Defendants.

2

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                                      Civil Action No. 2:14-30230

MICHAEL THORNSBURY and
DAVID HEATH ELLIS
DEVCO BUILDING AND CONSTRUCTION, INC.,
a West Virginia Corporation,

       Defendants.


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                                      Civil Action No. 2:14-30287

DAVID BAISDEN and
GEORGE WHITE,

       Defendants.


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff,

v.                                      Civil Action No. 2:14-30295


JARROD FLETCHER and
DAVID HEATH ELLIS and
DEVCO BUILDING AND CONSTRUCTION, INC.,
a West Virginia Corporation


<u>ORDER</u>

      These nine civil actions were filed on or about

December 16, 2014.  They are in varying stages of development.


3

The court noted in its March 6, 2015, order that one impediment to the just, speedy and final adjudication of these actions is the absence of those defendants who are presently in custody and unserved, namely, defendants Michael Sparks and David Baisden.  The court thus appointed guardians ad litem for Mr. Sparks and Mr. Baisden for the limited purpose of effecting service upon them.

Wesley Kent Varney was appointed guardian ad litem for Mr. Sparks and James M. Cagle was appointed as guardian ad litem for Mr. Baisden.  As noted, the appointments were for the limited purpose of effecting service of process.  The guardians ad litem were directed to make forthwith delivery of a copy of that which was served upon them to Mr. Sparks and Mr. Baisden, together with prompt notification to the court that they haf done so.  That notification was to be accompanied by a writing signed by each defendant as to whether they were engaging counsel to represent them in this action.

To date, the docket reflects that Mr. Cagle has complied with the March 6, 2015, order.  On March 10, 2015, he filed a declaration reflecting that he forwarded the summons to Mr. Baisden.  On March 18, 2015, Mr. Baisden, by Mr. Cagle, informed the court in writing that he does not intend to hire

4

counsel to represent him in the lone declaratory judgment matter
in which he is involved, namely, civil action no. 2:14-30287.

Mr. Varney responded to inquiry by the court's law
clerk that he sent correspondence to Mr. Sparks the week of April
5, 2015, advising him of the pendency of these declaratory
judgment actions and enclosing a form for Mr. Sparks to indicate
whether he desires to proceed pro se or by counsel in these
matters.  He is awaiting a response from Mr. Sparks.

It is ORDERED that Mr. Varney be, and he hereby is,
directed to file no later than April 30, 2015, a written summary
reflecting on the record the efforts he has undertaken to comply
with the March 6, 2015, order, and any response thereto as of
that date by Mr. Sparks, all bearing in mind the privilege
between attorney and client and seeking a sealing order from the
court if necessary to protect any privileged communications.

The Clerk is directed to transmit a copy of this
written opinion and order to all counsel of record, the guardians
ad litem, and any unrepresented parties.

ENTER:  April 21, 2015

John T. Copenhaver, Jr.
United States District Judge

5